DECISION
{¶ 1} The plaintiff-appellant, David L. Pruitt, appeals from his conviction on one count of abduction and one count of domestic violence. In his two assignments of error he asserts that (1) there was insufficient evidence to convict him of abduction, (2) his conviction for abduction was contrary to the manifest weight of the evidence, and (3) the trial court erred as a matter of law by improperly sentencing him. For the following reasons, we affirm.
 FACTS {¶ 2} Pruitt and his wife, Geneva Pruitt, were married on April 4, 2001, and had known each other since elementary school. Despite its length, their relationship had a history of domestic violence, the culmination of which resulted in his present convictions. On November 6, 2003, Mrs. Pruitt received a call from Pruitt, who was staying at his parents' house. Pruitt requested that his wife come to pick him up so he could get some money from a friend. Upon arriving, Pruitt got into his wife's truck and began striking her on the back of the head. One of their sons was also in the truck.
 {¶ 3} They began driving, and Pruitt continued to strike his wife on the back of the head in the presence of their son. Pruitt then demanded that his wife turn the truck around and go back to his parents' residence. Mrs. Pruitt obliged but, upon doing so, jumped out of the truck and ran into the woods. While running from her husband through the woods, she dialed 911 on her cellular phone. She dialed 911 at least three times. On the 911 tape introduced at trial, she could be heard screaming while, in the background, a male voice was yelling at her to hang up. Pruitt caught up to his wife, grabbed her by the hair, and began striking her again. He dragged her through the woods back to the truck. This time she was sitting on the passenger side of the vehicle with their son. Pruitt told his wife not to get out of the truck, and he drove them back to his parents' house.
 {¶ 4} Upon arriving, Pruitt continued to strike his wife and to pull her around. His mother and father were present, and at one point his father stepped in between the couple to prevent him from punching her. Pruitt then slammed his wife down on a couch and choked her. Mrs. Pruitt was trying to leave, but she could not do so because she was being threatened and she did not want to leave without her son. Pruitt then went back to the truck and made his wife get in as well. Apparently due to the struggle, Pruitt, who weighed approximately 240 lbs., got nauseated and began throwing up. Mrs. Pruitt helped him back into the house and put him into the bathtub, at which point police officers arrived in response to her previous 911 calls.
 {¶ 5} Mrs. Pruitt, who had warrants for her arrest due to traffic violations, was scared that she would be arrested and thus hid from the police in her husband's parents' bedroom. She was finally coaxed to come out, and after she spoke to the police, Pruitt was arrested.
 ANALYSIS {¶ 6} In his first assignment of error, Pruitt argues that there was insufficient evidence to convict him of abduction, and that his conviction for abduction was against the manifest weight of the evidence. We could not disagree more.
1. Sufficiency of the Evidence
 {¶ 7} Pruitt argues that there were four witnesses who testified that he had never left the premises with his wife and did not prevent her from leaving, and that "the only testimony that was inconsistent was that of the victim."
 {¶ 8} To determine the sufficiency of the evidence, however, the question is not whether the victim's testimony was more credible than that of the defense witnesses. As stated by the Supreme Court of Ohio, "on review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. As this court has noted, "there is no rule of law that an alleged victim's testimony, as compared to that of any other witness, is inherently suspect and in need of further corroboration in order for the jury [or judge] to find it credible." State v. Paramore (Sept. 19, 1997), 1st Dist. No. C-960799.
 {¶ 9} Mrs. Pruitt testified that when she fled from the truck she was driving, her husband chased her down, dragged her back to the truck, and drove them back to his parents' house, threatening and striking her the whole time. Given this testimony, we hold that there was sufficient evidence to support the charge of abduction.
2. Manifest Weight of the Evidence
 {¶ 10} Also in his first assignment of error, Pruitt argues that his conviction for abduction was contrary to the manifest weight of the evidence. Again we strongly disagree.
 {¶ 11} In considering a challenge to weight of the evidence, we are again guided by Thompkins, which states, "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the fact finder's resolution of the conflicting testimony." Id. at 387, 678 N.E.2d 541.
 {¶ 12} Pruitt, in his challenge, focuses on the credibility of Mrs. Pruitt's testimony. He argues, "She, and only she, claimed that she and the Appellant left the property and it was then that the abduction took place * * * [a]nd, clearly, the credibility of the victim is questionable." Pruitt contends that Mrs. Pruitt could have left the property at any time, but chose not to, not wishing to leave her son. Pruitt further contends that Mrs. Pruitt only chose to bring charges against him because she was threatened with arrest for her previous traffic citations.
 {¶ 13} Even under the latitude granted to us as a reviewing court in a weight-of-the-evidence challenge, we perceive no reason to disagree with the trial court's resolution of the conflicting testimony in this case. The evidence supporting Pruitt's conviction was quite substantial. There was the 911 tape in which Mrs. Pruitt could be heard screaming and a male voice could be heard yelling for her to hang up. There were also 12 exhibits that consisted of photographs of Mrs. Pruitt's injuries. And there was Mrs. Pruitt's testimony, which was consistent with the corroborating evidence. Pruitt's testimony, along with his parent's testimony, simply did not explain the 911 tape, whom the male's voice could belong to other than Pruitt, or how Mrs. Pruitt sustained her injuries. Given Mrs. Pruitt's testimony and the corroborating evidence, we cannot say that this is the "exceptional case in which the evidence weights heavily against conviction." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 14} Pruitt's first assignment is, accordingly, overruled.
 {¶ 15} In his second assignment of error, Pruitt argues that the trial court erred as a matter of law by improperly sentencing him. Again, we disagree.
 {¶ 16} The trial court, in consideration of R.C. 2929.11 (purposes of sentencing) and R.C. 2929.12 (factors affecting recidivism), sentenced Pruitt to near-maximum sentences for both the abduction and the domestic-violence convictions (four years and eleven months, respectively), and it ordered that the sentences run consecutively.
 {¶ 17} In sentencing Pruitt, the trial court was guided by R.C.2929.11's stated purpose that sentencing was to protect the public from future crimes and to punish Pruitt. The trial court then looked to R.C.2929.12 and found three factors that would have made recidivism more likely: (1) prior delinquencies and convictions, (2) unsuccessful rehabilitations and probations, and (3) a pattern of drug and alcohol abuse. The trial court did not find any factors that would have made recidivism less likely. The court also took into consideration the fact that Pruitt had been incarcerated in the past.
 {¶ 18} Considering all these factors, the court imposed near-maximum sentences for both offenses and ordered that they be served consecutively. The trial court followed all the relevant statutory guidelines and considered all the relevant statutory sentencing factors. Given Pruitt's three prior domestic-violence convictions, his history of unsuccessful probations, and a prior prison term, we conclude that the trial court did not err in sentencing him in accordance with the applicable statutory guidelines, after making the proper findings on the record.
 {¶ 19} Pruitt's second assignment is, accordingly, overruled, and the trial court's judgment is affirmed.
Judgment affirmed.
Doan, P.J., Gorman and Painter, JJ.